| | |
|---|---|
| Jeanne B. Correll | BK-S-09-33559-mkn |
| DEBTOR | BNKR. NO.          MOTION NO. |

| | |
|---|---|
| Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB<br>MOVANT | CHAPTER: 13 |

PROPERTY INVOLVED IN THIS MOTION: 323 River Glider Avenue, North Las Vegas, Nevada 89084

NOTICE SERVED ON: DEBTOR(S) _____;
DEBTOR'S(S') COUNSEL_____; TRUSTEE _____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $196,994.94 (1st DOT) | 1st: $ |
| 2nd: $31,722.13 (2nd DOT) | 2nd: |
| 3rd: $340.00 | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances: $229,057.07 | Total Encumbrances: $ |
| APPRAISAL or OPINION as to VALUE: $97,162.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR | DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT |
|---|---|
| Amount of Note: $163,000.00 (1st DOT); $30,000.00 (2nd DOT) | |
| Interest Rate: 4.1880% (1st DOT); 3.9350% (2nd DOT) | |
| Duration: 30 years | |
| Payment per Month: $945.76 (1st DOT); $99.82 (2nd DOT) | |
| Date of Default: 5/15/2009; 1/15/2010 (Post-Petition) (1st DOT); 8/25/2009; 12/25/2009 (Post-Petition) (2nd DOT) | |
| Amount in Arrears: $2,837.28 (Post-Petition) (1st DOT); $313.81 (Post-Petition) (2nd DOT) | |
| Date of Notice of Default (if recorded): _____ | |
| SPECIAL CIRCUMSTANCES: Debtor intends to surrender the Real Property. | SPECIAL CIRCUMSTANCES: |
| I hereby certify that an attempt has been made to confer with debtor(s) or debtor(s)' counsel, that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.<br>SUBMITTED BY:/s/ ACE VAN PATTEN<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>(858) 750-7600<br>NV Bar # 11731 | SUBMITTED BY:<br><br>Signature:_____ |

PITE DUNCAN, LLP  3/23/10
EDDIE R. JIMENEZ (NV Bar #10376)
JACQUE A. GRUBER (NV Bar #11385)
ACE VAN PATTEN (NV Bar #11731)
701 Bridger Avenue, Suite 670
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Secured Creditor WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re<br><br>JEANNE B. CORRELL,<br><br>Debtor(s). | Bankruptcy Case No. BK-S-09-33559-mkn<br>Chapter 13<br><br>WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB'S MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>Date:   April 28, 2010<br>Time:   1:30 p.m. |
|---|---|

TO THE RESPONDENTS NAMED ABOVE:

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB[1]("Movant"), respectfully represents as follows:

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004

- 2 -

# RELIEF FROM STAY - CAUSE

# FAILURE TO MAKE POST-PETITION PAYMENTS

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

2. On or about December 16, 2009, Jeanne B. Correll ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Kathleen A. Leavitt is the appointed Chapter 13 Trustee.

**THE FIRST NOTE AND DEED OF TRUST**

3. On or about June 29, 2005, Debtor, for valuable consideration, made, executed and delivered to Movant a First Note in the principal sum of $163,000.00 (the "First Note"). Pursuant to the First Note, Debtor is obligated to make monthly principal and interest payments commencing August 15, 2005, and continuing until July 15, 2035, when all outstanding amounts are due and payable. A true and correct copy of the First Note is attached hereto as exhibit A and incorporated herein by reference.

4. On or about June 29, 2005, Debtor made, executed and delivered to Movant a First Deed of Trust (the "First Deed of Trust") granting Movant a security interest in the certain real property located at 323 River Glider Avenue, North Las Vegas, Nevada 89084 (hereinafter "Real Property"), which is more fully described in the First Deed of Trust. The First Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the First Note. The First Deed of Trust was recorded on August 3, 2005, in the Official Records of Clark County, State of Nevada. A true and correct copy of the First Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

5. The Debtor is in default of her obligations under the First Note for failure to make payments as of May 15, 2009. As of March 12, 2010, the total amount owing under the First Note is the approximate sum of $196,994.94, representing the principal balance of $185,960.31, interest in the sum of $8,637.68, late charges in the amount of $367.74, escrow advances in the amount of $1,834.21, a recoverable balance in the amount of $180.00, and total fees in the amount of $15.00. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant

Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

6. Movant has not received the post-petition payments owing for January 15, 2010 through March 15, 2010. Accordingly, the post-petition arrears owing under the First Note are in the approximate sum of $2,837.28, consisting of three (3) payments in the amount of $945.76 each, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

**THE SECOND NOTE AND OPEN END DEED OF TRUST**

7. On or about February 6, 2006, Debtor, for valuable consideration, made, executed and delivered to Movant a Second Note in the principal sum of $30,000.00 (the "Second Note"). Pursuant to the Second Note, Debtor is obligated to make monthly principal and interest payments commencing March 25, 2006, and continuing until February 25, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Second Note is attached hereto as exhibit C and incorporated herein by reference.

8. On or about February 6, 2006, Debtor made, executed and delivered to Movant a Second Open End Deed of Trust (the "Second Open End Deed of Trust") granting Movant a security interest in the certain real property located at 323 River Glider Avenue, North Las Vegas, Nevada 89084 (hereinafter "Real Property"), which is more fully described in the Second Open End Deed of Trust. The Second Open End Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Second Note. The Second Open End Deed of Trust was recorded on February 9, 2006, in the Official Records of Clark County, State of Nevada. A true and correct copy of the Second Open End Deed of Trust is attached hereto as exhibit D and incorporated herein by reference.

9. The Debtor is in default of her obligations under the Second Note for failure to make payments as of August 25, 2009. As of March 12, 2010, the total amount owing under the Second Note is the approximate sum of $31,722.13, representing the principal balance of $29,869.15, interest in the sum of $893.62, late charges in the amount of $90.00, a recoverable balance in the

1  amount of $854.36, and total fees in the amount of $15.00. Further, Movant has incurred additional
2  post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount
3  for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as
4  interest and additional advances may come due subsequent to the filing of the Motion. An exact
5  payoff amount can be obtained by contacting Movant's counsel.

6      10.    Movant has not received the post-petition payments owing for December 25, 2009
7  through February 25, 2010. Accordingly, the post-petition arrears owing under the Second Note are
8  in the approximate sum of $313.81, consisting of one (1) payment in the amount of $112.99, one (1)
9  payment in the amount of $101.00, and one (1) payment in the amount of $99.82, excluding the
10 post-petition attorneys' fees and costs incurred in filing the instant Motion.

11     11.    A debtor's failure to make post-petition mortgage payments as they become due in a
12 Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States
13 Code § 362(d)(1). <u>In re Ellis</u>, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Accordingly, as the Debtor
14 has failed to make post-petition payments under the Note, Movant is entitled to relief from the
15 automatic stay pursuant to 11 United States Code § 362(d)(1).

16     12.    Pursuant to and upon confirmation of the Debtor's Chapter 13 Plan, the Debtor
17 intends to surrender the Real Property in full satisfaction of Movant's secured claim. A true and
18 correct copy of Debtor's Chapter 13 Plan is attached hereto as exhibit E and incorporated herein by
19 reference.

20     13.    A debtor's intention to surrender the property in a Chapter 13 case constitutes "cause"
21 for relief from the automatic stay pursuant to 11 United States Code section 362(d)(1). Accordingly,
22 as the Debtor intends to surrender the Real Property, Movant is entitled to relief from the automatic
23 stay pursuant to 11 United States Code section 362(d)(1).

24     **RELIEF FROM STAY**
25     **LACK OF EQUITY**

26     14.    Movant is informed and believes that, based on the Debtor's bankruptcy Schedules,
27 the fair market value of the Real Property is no more than $97,162.00. True and correct copies of
28 Debtor's bankruptcy Schedules A and D are collectively attached hereto as exhibit F and

1  incorporated herein by reference.

2      15.    Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $64,162.00 |
| Less: | |
|   Movant's 1st Trust Deed | 196,994.94 |
|   Movant's 2nd Trust Deed | 31,722.13 |
|   Parks HOA | 340.00 |
|   Costs of Sale (8%) | 7,772.96 |
| Equity in the Property: | $<172,668.03> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

    16.    If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

### RELIEF FROM STAY - CAUSE
### ADEQUATE PROTECTION

    17.    Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

    18.    Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

    19.    Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

    20.    By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

/./././

/./././

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

/././
/././
/././
/././
/././
/././
/././
/././

7. That the requirements of Local Rule 9021 be waived; and

8. For such other and further relief as the court deems just and proper.

Dated: March 23, 2010                                    /s/ ACE VAN PATTEN
                                                         4375 Jutland Drive, Suite 200
                                                         P.O. Box 17933
                                                         San Diego, CA 92177-0933
                                                         (858) 750-7600
                                                         NV Bar #11731
                                                         Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

- 8 -